**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

SUNSHINE STONE PRODUCTS, LLC,

       Plaintiff,

v.                                     Case No.  5:12-cv-293-Oc-34PRL

THOMAS BRUTON,

       Defendant.

_____/

**O R D E R**

**THIS CAUSE** is before the Court on the Report and Recommendation (Dkt. No. 29; Report), entered by the Honorable Philip R. Lammens, United States Magistrate Judge, on May 1, 2013.  In the Report, Magistrate Judge Lammens recommends that the Defendant's Motion to Dismiss for Improper Service or Lack of Personal Jurisdiction (Dkt. No. 12; Motion) be denied. See Report at 13.  Neither party has filed an objection to the Report, and the time for doing so has now passed.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  If no specific objections to findings of facts are filed, the district court is not required to conduct a de novo review of those findings. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1).  However, the district court must review legal conclusions de novo. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at *1 (M.D. Fla. May 14, 2007).

Upon independent review of the file and for the reasons stated in the Magistrate Judge's Report, the Court will accept and adopt the legal and factual conclusions recommended by the Magistrate Judge to the extent that Defendant's Motion will be denied. The Magistrate Judge rightly found that personal jurisdiction exists under both the Florida long-arm statute and a constitutional due process analysis. The Court writes only to supplement the Magistrate Judge's findings that the exercise of personal jurisdiction is proper under a constitutional due process analysis.

The constitutional due process "test for personal jurisdiction is whether the defendant 'purposefully established minimum contacts in the forum State.'" See Licciardello v. Lovelady, 544 F.3d 1280, 1285 (11th Cir. 2008) (quoting Burger King v. Rudzewicz, 471 U.S. 462, 473-4 (1985). The Supreme Court has set forth what has been referred to as the Calder "effects test" to address the question of whether the exercise of personal jurisdiction is appropriate where a plaintiff alleges that a nonresident defendant has committed an intentional tort aimed at the plaintiff in the forum state. Calder v. Jones, 465 U.S. 783, 789-90 (1984).  In Lovelady, the Eleventh Circuit Court of Appeals applied the Calder "effects test" in determining that Florida could exercise personal jurisdiction over a defendant alleged to have committed an intentional tort against the plaintiff when he used the plaintiff's trademark on his website and the resulting injury occurred in Florida. See Lovelady, 544 F.3d at 1287-8. In doing so, the court explained that even a single purposeful act can support jurisdiction, "so long as it creates a substantial connection to the forum state." Id.  "Intentional torts are such acts and may support a finding of personal jurisdiction over a nonresident defendant who has no other contacts with the forum." Id. at 1285 (citing Calder, 465 U.S. at 790).

-2-

Relevant to the instant action, trademark infringement has been found to be an intentional tort sufficient to subject a defendant to personal jurisdiction, if the defendant purposefully directs his actions at the plaintiff knowing harm will occur in the target forum. See id. at 1288; see also Indianapolis Colts, Inc. v. Metro. Balt. Football Club Ltd. P'ship, 34 F.3d 410, 411-2 (7th Cir. 1994) (holding that defendant's use of the "Colts" name for its Canadian football team subjected it to personal jurisdiction in Indiana because the plaintiff used its trademark in Indiana and the injury occurred in Indiana); Panavision Int'l, L.P. v. Toeppen, 141 F.3d 1316, 1321-22 (9th Cir. 1998) (holding that defendant was subject to personal jurisdiction in a trademark infringement action when the only contact that defendant had with the state was posting plaintiff's trademark on his internet website).

In the instant case, as reflected in the facts summarized in the Report, Defendant's alleged actions, using Plaintiff's trademark on multiple websites, if proven, appear to be directed at Plaintiff and intended to cause injury to Plaintiff in Florida. First, Defendant is purportedly using Plaintiff's trademark on his website, which is alleged to cause confusion or mistake as to the identity of the parties within Florida. See Amended Complaint for Damages With Injunctive Relief Sought and Demand for Jury Trial (Dkt. No. 6; Complaint) at ¶ 31. Second, Defendant's alleged cybersquatting is a tort intentionally directed at Plaintiff to acquire payment for the domain names by directing a letter to Plaintiff at its location in Florida. See id. at ¶ 47. Third, one of Defendant's websites is alleged to provide false and misleading statements written to harm the reputation and economic interests of Plaintiff. See id. at ¶ 21. Finally, Plaintiff contends that the injury will occur in Florida because Plaintiff's principal place of business and primary market are in Florida. See id. at ¶ 4. These alleged

actions are sufficient to satisfy the purposeful availment requirement necessary for personal jurisdiction.

To support a finding of personal jurisdiction Plaintiff must make a prima facie showing by presenting evidence sufficient to withstand a motion for directed verdict on the issue of personal jurisdiction. Morris v. SSE, Inc., 843 F.2d 489, 492 (11th Cir. 1988). In reviewing the facts, "[t]he district court must construe the allegations in the complaint as true, to the extent they are uncontroverted by defendant's affidavits[,]" and "where the evidence presented by the parties' affidavits . . . conflicts, the court must construe all reasonable inferences in favor of the non-movant plaintiff." Id. (citing Delong Equip. Co. v. Wash. Mills Abrasive Co., 840 F.2d 843, 845 (11th Cir. 1988)). This construction in favor of the plaintiff is particularly necessary where, as in the instant case, the jurisdictional questions are intertwined with the merits of a case. See Delong Equip. Co., 840 F.2d at 845.  Upon review of the allegations in the Complaint, as well as the evidence presented, and construing all reasonable inferences in favor of Plaintiff, this Court finds that because Defendant is alleged to have purposely directed his tortious actions at a Florida LLC he should reasonably anticipate being haled into court here, and thus is subject to specific, personal jurisdiction in Florida.

Accordingly, it is hereby

**ORDERED:**

1. The Magistrate Judge's Report and Recommendation (Dkt. No. 29) is **ADOPTED AS SUPPLEMENTED** above.

2.    Defendant's Motion to Dismiss for Improper Service and Lack of Personal Jurisdiction (Dkt. No. 12) is **DENIED**.

3.      Defendant shall respond to Plaintiff's Amended Complaint on or before **July 16, 2013**.

**DONE AND ORDERED** in Chambers, this 20th day of June, 2013.


**MARCIA MORALES HOWARD**
United States District Judge


i23

Copies to:

Counsel of Record