**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**SUNSHINE STONE PRODUCTS, LLC,**
a Florida Limited Liability Company

    **Plaintiff,**

v.                                                               **Case No: 5:12-cv-293-Oc-34PRL**

**THOMAS BRUTON**

    **Defendant.**

## ORDER

This matter is before the Court on Plaintiff's motion to compel Defendant's response to Plaintiff's outstanding discovery requests. (Doc. 42). Defendant has not filed a response to the motion and his deadline for doing so has passed.

On June 13, 2014, Plaintiff served its First Set of Interrogatories and First Request for Documents and Things on Defendant, with responses due by July 13, 2014. *See* Exhibits A & B.[1] On July 15, 2014, counsel for Plaintiff emailed Defendant's counsel inquiring about the status of the overdue discovery requests. *See* Doc. 42-1, Exhibit A. On July 17, 2014, after receiving no response to his first email, Plaintiff's counsel sent a second email to opposing counsel. *See* Doc. 42-1, Exhibit B. By email dated July 18, 2014, defense counsel advised that responses to the outstanding discovery requests would be provided by July 25, 2014. *See* Doc. 42-1, Exhibit C. To date, Defendant has not provided any discovery responses. Accordingly, Plaintiff moves the Court for an Order compelling discovery responses from Defendant and requiring Defendant to

---

[1] That same day, Plaintiff also served Plaintiff's First Request for Admissions to Defendant (Doc. 42, Exhibit C) to which Defendant also failed to timely respond. The Request for Admissions are not at issue here.

pay Plaintiff's reasonable expenses incurred in making the instant motion. In addition, Plaintiff requests that its discovery deadline be extended and that the mediation deadline be reset until two weeks after the close of Plaintiff's new discovery deadline.

Because Defendant has failed to respond to Plaintiff's First Set of Interrogatories and First Request for Production of Documents and Things, Plaintiff's motion to compel (Doc. 42) is due to be **GRANTED**. Within **ten (10) days** of this Order, Defendant **shall** serve complete answers to Plaintiff's First Interrogatories (signed and sworn under oath), and shall produce all documents responsive to Plaintiff's First Request for Production of Documents and Things. Notably, while it is possible that Defendant may have valid objections to some of the requests, Defendant has completely failed to respond—thereby waiving any possible objections. *See, e.g., Siddiq v. Saudi Arabian Airlines Corp.*, No. 6:11–cv–69–Orl–19GJK, 2011 WL 6936485 *3 (M.D.Fla. Dec.7, 2011) ("Party that does not assert objections to discovery within time permitted waives objections and is precluded from asserting objections in response to a motion to compel."). Indeed, this is consistent with the express language in Fed. R. Civ. P. 33(b) (4), regarding interrogatory responses, which provides not only that objections must be stated with "specificity", but also that "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."

With regard to Plaintiff's request for sanctions, the Court finds that an award is mandated by Rule 37(a)(5)(A) against Defendant.[2] Where, as here, the motion to compel is granted, and is caused by the failure of a party to provide responsive answers to discovery requests, the Court is

---

[2] *See* Fed. R. Civ. P. 37(a)(5)(A)("if [a motion to compel discovery] is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court *must* . ... require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees . .."(emphasis added).

required to award the fees and expenses incurred in filing the motion. Only if the Court determines that the motion was filed without the moving party having made a good faith effort to obtain the discovery without court action, that the response of the non-moving party was substantially justified, or where other circumstances make an award of expenses unjust, is the Court authorized to deny the request for sanctions. None of these exceptions are presented here. Indeed, before filing this motion, counsel for Plaintiff corresponded with Defendant's counsel several times in efforts to obtain the outstanding discovery. Further, despite having an opportunity to respond, Defendant has not filed a response or offered any explanation as to why he has not provided answers to the discovery requests. For these reasons, Plaintiff is entitled to reimbursement for the fees and expenses incurred in preparing and filing the instant motion.[3]

Accordingly, Defendant is hereby ordered to pay to Plaintiff the reasonable expenses and attorney's fees incurred by Plaintiff in preparing and filing the instant motion. Plaintiff shall submit within **ten (10) days** of the date of this Order an affidavit detailing the reasonable expenses and fees incurred in preparing and filing the instant motion. To the extent that Defendant objects to the amount of expenses and fees claimed by Plaintiff, he shall file a response within **ten (10) days** of service of Plaintiff's affidavit. Upon receipt of Plaintiff's affidavit and any objections by Defendant, the Court will enter an appropriate award or, if necessary, set the matter for an evidentiary hearing.

The Court will address Plaintiff's request to extend the discovery and mediation deadlines, as well as other case management issues, at the status conference set for 3:00 p.m. on October 22, 2014 in Courtroom 1A of the Ocala Federal Courthouse.

---

[3] Plaintiff also requests that the Court award fees related to Plaintiff's earlier motion to compel (Doc. 24). The Court declines to do so.

- 4 -

      **DONE** and **ORDERED** in Ocala, Florida on October 7, 2014.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties