UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**SUNSHINE STONE PRODUCTS, LLC,**
a Florida Limited Liability Company

 **Plaintiff,**

v.               Case No: 5:12-cv-293-Oc-34PRL

**THOMAS BRUTON**

 **Defendant.**

# ORDER[1]

This matter is before the Court on Plaintiff's motion for sanctions (Doc. 51) and Plaintiff's second motion for sanctions (Doc. 66) related to Defendant and his counsel, Esmond Lewis, Esquire's repeated failure to comply with discovery obligations and orders of this Court.

### I. Background

Plaintiff attempted to conduct discovery beginning in June of 2014 by serving its First Set of Interrogatories and First Request for Documents and Things on Defendant with responses due by July 13, 2014.  *See* Doc. 42, Exhibits A & B.  Defendant failed to serve responses, and thus, Plaintiff filed its first motion to compel on September 17, 2014.  (Doc. 42).  On October 7, 2014, the Court granted Plaintiff's motion, ordered Defendant to serve complete responses within ten (10) days; and ordered Defendant to pay the reasonable attorney's fees incurred in bringing the

---

[1] Magistrate judges have jurisdiction to enter sanctions orders for discovery failures which do not strike claims, completely preclude defenses or generate litigation-ending consequences.  *See Wandner v. American Airlines*, 2015 WL 145019, at *8 (S.D. Fla. Jan. 12, 2015).  In determining whether the magistrate judge had jurisdiction, the proper inquiry is what sanction the magistrate judge actually imposed, not what sanction was requested.  *Id.*

- 2 -

motion. (Doc. 46). Despite this Order, Defendant did not serve discovery responses nor did he request additional time to comply.

Accordingly, on October 22, 2014, Plaintiff filed its motion for sanctions asking the Court to: (1) enter a default judgment against Defendant in favor of Plaintiff for the relief demanded in the Amended Complaint; (2) dismiss with prejudice Defendant's counterclaims; (3) enter an order establishing as proven all facts set forth in Plaintiff's Amended Complaint; (4) enter an order precluding Defendant from offering any evidence at trial; (5) require Defendant and its counsel to pay Plaintiff's expenses related to the motion for sanctions; and (6) adjudge Defendant in contempt of Court. That same day, the Court conducted a status conference in the case during which it ordered Defendant to serve discovery responses by October 29, 2014. Defendant was represented at the conference by his counsel, Mr. Lewis. On October 29, 2014, Defendant filed a motion seeking a 10-day extension of time, to and through November 10, 2014, claiming that he needed additional time due to his ongoing chemotherapy. (Doc. 54). The Court granted the motion but cautioned Defendant that no further extensions would be granted. (Doc. 56).

Then, on November 11, 2014, Plaintiff advised the Court that Defendant still had not served discovery responses and asked the Court to rule on the motion for sanctions. (Doc. 60). Accordingly, the Court directed Defendant to show cause in writing by December 2, 2014 as to why Plaintiff's motion for sanctions should not be granted. (Doc. 63). In response, Defendant advised the Court that he had in fact served his discovery responses by November 10, 2014. (Docs. 64 & 65). There does not appear to be any dispute that Defendant has now fully complied with his discovery obligations.

On December 17, 2014, Plaintiff filed a second motion for sanctions based on Defendant's failure to remit to Plaintiff's counsel $2,337.50 in attorney's fees as ordered by the Court on

November 18, 2014. (Doc. 66). On January 14, 2015, Defendant filed a response advising that he "lacks the financial means to pay the sanctions" and requesting permission to pay the attorney's fees in five monthly installments. (Doc. 69).

## II. Discussion

Under Federal Rule of Civil Procedure 37(b)(2)(A), if a party fails to comply with a discovery order, the Court may impose a variety of sanctions including dismissal of the action, rendering a default judgment against the disobedient party, or striking pleadings in whole or in part. In addition, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed.R.Civ.P. 37(b)(2)(C).

While the conduct of Defendant and his counsel, Mr. Lewis has fallen far short of the Court's expectations, I find that the sanctions of striking Defendant's pleadings, dismissing claims, or the entry of a default against Defendant, are too severe at this time. With that said, the Court cannot overlook the fact that Defendant and Mr. Lewis ignored two of this Court's discovery-related Orders,[2] resulting in unnecessary delays and needless disputes. Indeed, Defendant's failure to respond to discovery requests, despite being ordered by the Court to do so, and Defendant's failure to timely pay the attorney's fees as ordered by this Court, necessitated the filing of Plaintiff's two motions for sanctions. While Defendant apparently has now fully

---

[2] Defendant contends that Plaintiff improperly relies on Rule 37(b)(2)(A) as a basis for its second motion for sanctions because that Rule addresses a failure to make discovery. However, in granting Plaintiff's motion to compel, the Court ordered Defendant to (1) respond to the discovery requests; and (2) pay to Plaintiff the reasonable expenses and attorney's fees incurred in preparing and filing the motion to compel. (Doc. 46). Defendant failed to comply with both requirements of this discovery order.

responded to the discovery requests, he only did so after repeated motion practice and the Court's intervention. Likewise, Defendant did not request additional time to pay the attorney's fees nor did he request an alternative payment plan until <u>after</u> Plaintiff filed its second motion for sanctions. Defendant and Mr. Lewis have failed to offer any compelling explanation as to why they failed to timely comply with the Court's Orders.

Under these circumstances, I find that Defendant and Mr. Lewis are jointly and severally responsible to pay to Plaintiff the reasonable expenses and attorney's fees incurred by Plaintiff in preparing and filing the two motions for sanctions (Docs. 55 & 66). Plaintiff shall submit within **ten (10) days** of the date of this Order an affidavit detailing the reasonable expenses and fees incurred in preparing and filing both motions. To the extent that Defendant and Mr. Lewis object to the amount of expenses and fees claimed by Plaintiff, they shall file a response within **ten (10) days** of service of Plaintiff's affidavit. Upon receipt of Plaintiff's affidavit and any objections by Defendant and Mr. Lewis, the Court will enter an appropriate award or, if necessary, set the matter for an evidentiary hearing.

With respect to the outstanding attorney's fees, the Court ordered Defendant to remit to Plaintiff fees in the amount of $2,337.50. (*See* Doc. 62). Despite Defendant's alleged financial hardship, Defendant and his counsel did not request additional time to make the payment nor did they seek a modification of the payment plan. Instead, they simply ignored the Court's Order. Now, only after Plaintiff filed its second motion for sanctions, Defendant has requested a payment plan because he purportedly "lacks the financial means to pay the sanctions." The Court is unpersuaded by this unsubstantiated claim and finds that attorney's fees in the amount of $2,337.50 are due and owing and shall be remitted in full to Plaintiff on or before **February 9, 2015. Defendant and Mr. Lewis are jointly and severally liable for these fees.**

**Failure to comply with this Order will result in the recommendation that Defendant's pleading be stricken or default judgment be entered against Defendant.**

**DONE** and **ORDERED** in Ocala, Florida on January 26, 2014.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties